IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MYRA CHRISTENSEN; and
REED CHRISTENSEN                                                         PLAINTIFFS

v.                       No: 2:24-cv-00229-DPM-PSH

FCI FORREST CITY LOW; and
CHAD GARRETT                                                             DEFENDANTS

## ORDER

Plaintiff Myra Christensen filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 30, 2024, on behalf of herself and her husband Reed Christensen, then an inmate at the Federal Correctional Institution – Forrest City Low ("FCI Forrest City Low") (Doc. No. 1). Mrs. Christensen alleged that Mr. Christensen was missing and could not be reached at the time. *Id.* at 12, ¶¶ 80-82. At the Court's direction, Mrs. Christensen filed an amended complaint on January 6, 2025 (Doc. No. 7). She acknowledged that she had spoken to Mr. Christensen since the lawsuit had been filed and he was no longer missing. *Id.* at 2, ¶ 4.

Mrs. Christensen also filed a motion for injunctive relief on behalf of Mr. Christensen (Doc. No. 2). Defendants FCI Forrest City Low and Warden Chad Garrett (the "Defendants") filed a response to the motion for injunctive relief (Doc.

No. 9),[1] and Mrs. Christensen filed a reply (Doc. No. 11). In her reply, Mrs. Christensen states that she expects Mr. Christensen to receive a pardon and be released from prison on January 20, 2024. Doc. No. 11 at 3. His release will moot his claims for injunctive relief. *See generally Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

If Mr. Christensen has been released as expected, and intends to pursue a civil action for damages, he must update the Court with his current address. His failure to do so within 30 days may cause his claims to be dismissed for failure to prosecute.[2]

---

[1] Because the Defendants filed a response, it appears they have received service of process. However, the plaintiffs are reminded that they must still file proof of service. Fed. R. Civ. P. 4(l)(1); Local Rule 4.1, Local Rules for the Eastern District of Arkansas.

[2] Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

*See also Baker v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Additionally, Mr. Christensen's claims may not properly be before the Court because he has not signed either the complaint or amended complaint. Rather, Mrs. Christensen signed both the original and amended complaints on her husband's behalf as his attorney-in fact. Doc. No. 1; Doc. No. 7. She does not claim to be an attorney licensed to practice law but asserts that she has the authority to sue on her husband's behalf pursuant to a general power of attorney signed by him. *See* Doc. No. 11. Mrs. Christensen filed a copy of the power of attorney which states that it grants the power to "sue upon, defend, compromise, or submit to arbitration any controversies in which I may be interested; and act in my name in connection with any complaint, proceeding, or suit." Doc. No. 12 at ¶ 14.

It is well-settled that a non-attorney may appear *pro se* on his or her own behalf but has no authority to appear on behalf of others. *See* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (a *pro se* litigant may only represent an estate in court if she is the sole beneficiary and creditor of the estate).[3] If a case is improperly filed on behalf of another, it is a nullity and cannot

---

[3] Business entities (such as corporations, partnerships, limited liability companies, and associations) may not appear through non-attorney corporate officers acting *pro se* but must be represented by licensed attorneys. *See, e.g., Rowland v. Cal. Men's Colony*,

be cured through amendment. *See id.* (adopting the reasoning of *Davenport v. Lee*, 348 Ark. 148, 160 (2002)). However, the Court found no cases specifically addressing whether a party may file on behalf of another through a general power of attorney. At least one Arkansas case implies that a pleading signed by a valid power of attorney may properly be filed by a non-attorney. *See White v. Clay*, 2013 Ark. App. 166, 5–6 (2013) (unpublished) (holding that an answer signed by litigant's mother pursuant to an alleged power of attorney was invalid, noting there was "nothing in the record to show that she held a valid power of attorney").

Because Mrs. Christensen's authority to file a complaint on behalf of her husband via a general power of attorney warrants closer consideration, the Court will allow Mr. Christensen to file a second amended complaint on his own behalf should he chose to do so. If he does so, he should clarify what claims he brings, whom he is suing, and in what capacity.

Finally, Mrs. Christensen's claims also need clarification. In the Amended Complaint, she raised a tort claim for intentional infliction of emotional distress on her own behalf.[4] *Id.* at p. 7, ¶ 119. In her reply to the Defendants' response to her

---

506 U.S. 194, 202 (1993); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *Tinkers & Chance v. Zowie Intertainment, Inc.*, 15 Fed. Appx. 827, 828 (Fed. Cir. 2001). Likewise, a non-lawyer trustee may not represent a trust *pro se* in federal court. *See Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994).

[4] A state law tort claim must be brought against the United States under the Federal Tort Claims Act ("FTCA") because the *only* remedy for tort claims against

motion for injunctive relief, she clarifies that she does not bring any constitutional claims on her own behalf. Doc. No. 11 at 1. She also states that she plans to amend her complaint again to name the correct defendants in the appropriate capacity. *Id.* at 2. The Court will allow her thirty days to clarify her claims if she intends to proceed with this lawsuit on her own behalf.

Plaintiffs are cautioned that an amended complaint renders all prior complaints without legal effect; only claims properly set out in the second amended complaint will be allowed to proceed. In the event Plaintiffs fail to file a second amended complaint within thirty days, the Court may dismiss this case without prejudice for failure to prosecute.

IT IS SO ORDERED this 31st day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

federal employees is an FTCA suit against the United States. *See Brown v. Armstrong,* 949 F.2d 1007, 1013 (8th Cir. 1991) ("[B]ecause the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States under § 2680, it is not available at all.").