# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**REED CHRISTENSEN**                                                    **PLAINTIFF**

**v.**                     **No: 2:24-cv-00229-DPM-PSH**

**UNITED STATES DEPARTMENT OF**
**JUSTICE; and UNITED STATES**
**DISTRICT COURT, D.C.**                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Myra Christensen filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 30, 2024, on behalf of herself and her husband Reed Christensen, then an inmate at the Federal Correctional Institution – Forrest City Low ("FCI

Forrest City Low") (Doc. No. 1). Mrs. Christensen named defendants FCI Forrest City Low and Warden Chad Garrett. *Id.* She also filed a motion for an emergency temporary restraining order on behalf of Mr. Christensen (Doc. No. 2). Mrs. Christensen alleged that Mr. Christensen was missing and had not been heard from since December 23, 2024. Doc. No. 1 at pp. 11-12, ¶¶ 77-82. On January 6, 2025, Mrs. Christensen filed a notice stating that she had spoken to Mr. Christensen (Doc. No. 6). Defendants FCI Forrest City Low and Warden Chad Garrett subsequently filed a response to the motion for injunctive relief (Doc. No. 9), and Mrs. Christensen filed a reply (Doc. No. 11). In her reply, Mrs. Christensen stated that she expected Mr. Christensen would receive a pardon and be released from prison on January 20, 2025. Doc. No. 11 at 3. On January 31, 2025, the Court instructed Mr. Christensen to update the Court with his current address if he had been released as expected, and further noted that his release would moot his claims for injunctive relief. Doc. No. 15.

Along with the January 6 Notice, Mrs. Christensen filed an amended complaint on behalf of herself and Mr. Christensen (Doc. No. 7). She again named Forrest City FCI and Warden Garrett as defendants and alleged that Mr. Christensen had not received adequate medical care at the prison in violation of his Eighth Amendment right to not be subject to cruel and unusual punishment. Doc. No. 7 at pp. 3, ¶¶ 12-13; pp. 15-16, ¶¶ 107-118. Mrs. Christensen also pleaded a tort claim

for intentional infliction of emotional distress on her own behalf and a Fifth Amendment due process claim on behalf of Mr. Christensen based on his placement in segregated housing without a hearing. *Id.* at p. 7, ¶¶ 120-121. The Court allowed the Christensens the opportunity to file a second amended complaint clarifying their claims but noted that Mrs. Christensen's authority to file this case warranted closer consideration because she is not authorized to practice law. *See* Doc. No. 15.

On March 3, 2025, the Christensens filed a letter confirming that Mr. Christensen had received a pardon and was released from prison on January 20, 2025 (Doc. No. 22). Mrs. Christensen stated that she would not pursue the original complaint, the amended complaint, or the motion for injunctive relief. Accordingly, her claims were dismissed without prejudice and the motion for injunctive relief was denied as moot. Doc. No. 25. Mr. Christensen requested a 90-day extension of time to file another amended complaint. Doc. No. 22. He was allowed 45 days. Doc. No. 24.

On May 2, 2025, Mr. Christensen filed a second amended complaint naming the United States Department of Justice and the United States District Court, District of Columbia, as defendants (the "Defendants") (Doc. No. 27). The Defendants moved to dismiss this case (Doc. No. 32), and Mr. Christensen filed a brief in response (Doc. No. 34). For the reasons explained herein, the undersigned recommends dismissal of Mr. Christensen's claims.

## II. Analysis

The Defendants move to dismiss Mr. Christensen's claims on three grounds: (1) that this case was improperly filed on behalf of Mr. Christensen by Mrs. Christensen, a non-lawyer, and is therefore a nullity that may not be amended; (2) that venue in this District is improper with respect to Mr. Christensen's claims arising in the District of Columbia; and (3) that the Court lacks subject matter jurisdiction with respect to Mr. Christensen's claims arising in Arkansas. Doc. Nos. 32-33. Because this lawsuit should be dismissed for lack of jurisdiction and improper venue, as explained below, the Court need not determine whether Mrs. Christensen could initiate this lawsuit on behalf of her husband using her general power of attorney.[1]

---

[1] As the Court previously noted, Arkansas law on this point is not particularly helpful. *See* Doc. No. 15 at 3-4. The cases relied on by the Defendants concern the representative of an estate and do not specifically address the general power of attorney statute. *See Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 951-52 (8th Cir. 2005); *Henson v. Cradduck,* 2020 Ark. 24, 7-8 (January 23, 2020); *Davenport v. Lee*, 348 Ark. 148, 160 (2002). *See also Williams v. Bradshaw,* 459 F.3d 846, 848 (8th Cir. 2006) ("Under Arkansas law a wrongful-death action may be brought only by a personal representative or, if there is no personal representative, by the decedent's heirs at law. Ark. Code Ann. § 16–62–102(b)."). *Compare DePonceau v. Pataki,* 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("New York law 'prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney.'") (citing N.Y. Judiciary Law §§ 478, 484) (other citations omitted). Furthermore, at least one Arkansas case implies that a pleading signed by a valid power of attorney may properly be filed by a non-attorney. *See White v. Clay*, 2013 Ark. App. 166, 5–6 (2013) (unpublished) (holding that an answer signed by litigant's mother pursuant to an alleged power of attorney was invalid, noting there was "nothing in the record to show that she held a valid power of attorney").

### A.     *Forrest City FCI Claims -- Subject Matter Jurisdiction*

The Defendants argue that Mr. Christensen's claims relating to the conditions he experienced at the Forrest City FCI should be dismissed for lack of subject matter jurisdiction because there is no justiciable controversy. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citations omitted).

When this case was filed, it concerned the conditions of confinement experienced by Mr. Christensen at the Forrest City FCI. *See* Doc. Nos. 2, 7. The prison and its warden were the named defendants. *Id.* In his second amended complaint, Mr. Christensen names the Department of Justice and D.C. District Court as defendants and primarily complains about his prosecution, trial, and sentencing in the D.C. District Court. Doc. No. 27 at pp. 29-34, ¶¶ 91-103, 107-109. However, he also seeks a declaratory judgment that conditions at the Forrest City FCI violated his Eighth Amendment right to be free from cruel and unusual punishment. Doc. No. 27 at p. 33, ¶¶ 104-106. He describes a long walking distance to the chow hall, a delay in treatment for an infected toenail, lack of pain medication, chronic diarrhea,

inadequate nutrition, low pay for work, high commissary prices, and a denial of in-person visitation. *Id.* at pp. 25-28, ¶¶77-86. Mr. Christensen does not name or describe any defendant or individual responsible for these alleged conditions at the Forrest City FCI; however, even if the Court broadly construes his claims as against the Bureau of Prisons or the United States of America, the claims fail because there is no justiciable controversy, as described below.

For context, the Court notes that sovereign immunity bars most suits against the government or its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, sovereign immunity does not bar an action for nonmonetary relief brought against the United States. *See Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003) (citing 5 U.S.C. § 702 of the Administrative Procedures Act (allowing relief other than money damages against United States);[2] *Black Hills Inst. of Geological Research v. S.D. Sch. of*

---

[2] 5 U.S.C. § 702 provides, in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or

*Mines & Tech.,* 12 F.3d 737, 740 (8th Cir. 1993) (noting that the waiver of sovereign immunity in § 702 also applies to cases that are not brought under APA); *Red Lake Band of Chippewa Indians v. Barlow,* 846 F.2d 474, 476 (8th Cir. 1988) (holding that § 702 waiver does not only apply to suits brought under the APA but to suits brought against government for nonmonetary relief)).

While sovereign immunity does not bar a suit for nonmonetary relief, a plaintiff must still establish standing to sue under Article III, Section 2 of the U.S. Constitution. *See generally, Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). To establish standing to sue under Article III, a plaintiff must show that an injury "fairly traceable to the challenged conduct of the defendant" is "likely to be redressed by a favorable decision." *Id* at 155 (citations omitted).

Mr. Christensen is no longer incarcerated at the Forrest City FCI, and he does not explain how a declaratory judgment would remedy any violation he allegedly experienced there. The only potential benefit he describes is his hope that a ruling in his favor might repair his relationship with some of his children and

---

by title), and their successors in office, personally responsible for compliance. . . .

grandchildren. *See* Doc. No. 27 at 29, 34-35. This is not sufficient to establish a case or controversy, and Mr. Christensen therefore has no standing to sue for a declaratory judgment relating to the conditions he experienced at Forrest City FCI. *See e.g., LaFaut v. Smith,* 834 F.2d 389, 395 (4th Cir. 1987) ("The challenged activity had ceased [because the plaintiff had been released from federal prison,] and there is no suggestion that the wrong could or would be repeated. LaFaut may have derived some satisfaction from the entry of the declaratory judgment, but this would be irrelevant to the mootness issue."). Mr. Christensen has no standing to sue for a declaratory judgment that his constitutional rights were violated at the Forrest City FCI; those claims should therefore be dismissed for lack of jurisdiction.[3]

### B.    DC Claims – Improper Venue

Mr. Christensen's remaining claims concern his prosecution, conviction, and sentencing in the District of Columbia. Doc. No. 27 at pp. 29-34, ¶¶ 91-103, 107-109. He names the Department of Justice and the D.C. District Court as the only defendants.[4] *Id.* at p. 3, ¶¶ 8-9.

Pursuant to 28 U.S.C. §1391(b),

A civil action may be brought in--

---

[3] Because Mr. Christensen does not sue under the APA, the Court does not address the government's arguments regarding the APA.

[4] These claims may be subject to dismissal on numerous other grounds, but that is for another court to determine if the case is re-filed in the appropriate venue.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because Mr. Christensen's remaining claims concern events that occurred in the District of Columbia, this Court is not the proper venue for them, and those claims should be dismissed without prejudice.[5]

### III. Conclusion

The undersigned recommends that the Defendants' motion to dismiss (Doc. No. 32) be GRANTED. Mr. Christensen's claims should be DISMISSED WITHOUT PREJUDICE.

---

[5] This case was filed to ascertain the whereabouts and condition of Mr. Christensen. That purpose was achieved. As a result, it is not in the interest of justice to transfer Mr. Christensen's newest claims, a collateral attack of both his prosecution and conviction, to another district. Should he decide to pursue those claims in a separate lawsuit, he must do so in the appropriate venue.

DATED this 25th day of July, 2025.

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE